

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 12, 1957

Honorable Raymond W. Vowell
Acting Executive Director
Texas State Hospitals and
   Special Schools
Austin, Texas

Dear Mr. Vowell:

Opinion No. WW-319

Re: Whether or not, under Arti-
cle 3174b, Section 2, Ver-
non's Civil Statutes, the
Board for Texas State Hos-
pitals and Special Schools
may sell surplus property,
and whether the Board may
transfer property from one
institution to another.

     You have submitted for our opinion the following ques-
tions which we quote from your letter of September 24, 1957:

     "(1) May this Board sell surplus property
or supplies of institutions? (This type of pro-
perty consists of obsolete, excess, or junk items
which are not needed or desired by other institu-
tions.)

     "(2) May this Board transfer, with or with-
out reimbursement, surplus property or supplies
from one institution to another, under its juris-
diction?"

     We have assumed in answering your request that your first
question inquires whether the Board for Texas State Hospitals and
Special Schools may dispose of obsolete and junk items to the
public by advertisement and bids, as opposed to a transfer of the
goods to another State agency.

     We have been referred to the provisions of Article
3174 , Section 2, Vernon's Civil Statutes, which grants to the
Board for Texas State Hospitals and Special Schools the follow-
ing powers:

     ". . . Effective September 1, 1949, the con-
trol and management of, and all rights, privileges,
powers, and duties incident thereto including
building, design and construction of the Texas State
Hospitals and Special Schools which are now vested

in and exercised by the State Board of Control shall
be transferred to, vested in, and exercised by the
Board for Texas State Hospitals and Special Schools.
Provided, however, that the Board of Control shall
continue to handle purchases for such institutions
in the same manner as they do for other State agencies."

At the time this statute was enacted, Articles 640, 666
and 666-1, Vernon's Civil Statutes, were the statutes under
which the State Board of Control exercised its power of selling
and transferring surplus properties and supplies.  These Arti-
cles provided as follows:

Article 640:

"When any institution accumulates an amount
of supplies on hand in excess of its needs, and another
institution is in need of such supplies, the Board
shall be authorized to transfer any of such supplies
from the institution having such excess to such
institution in need of such supplies, and the debit
and credit shall be made on the basis that such
supplies can be purchased in the open market at
the time of the transfer, when it is less than the
cost under the general contract for such supplies
for the fiscal year, otherwise the debit and credit
shall be made on the basis of the general contract
price for that year."

Article 666:

"All personal property belonging to the State,
regardless of where it is located, under the control
of any State Agency, with the exception of State
Eleemosynary Institutions, Colleges, Institutions of
Higher Learning and the Texas Prison System, when it
has become unfit for use, or be no longer needed, shall
be placed under the jurisdiction of the State Board of
Control, and the State Board of Control may sell such
property after advertising it no less than four (4)
days in a newspaper in the county wherein the property
is located, notice of sale, setting out the time and
place of sale and the property to be sold, shall be
posted in three (3) public places, one being in the
court house in the county wherein the property is
located.  Provided, however, that if the estimated
value of such personal property is less than One
Hundred ($100.00) Dollars and not sufficient to justi-
fy the cost of advertisement in newspapers as outlined
above, the State Board of Control may sell such pro-
perty in any manner that it deems for the best inter-

est of the State.  The money derived from the sale
of such property, less the expenses of advertising
the sale, shall be deposited in the State Treasury,
to the credit of the appropriation of the State
Agency which transferred such property to the State
Board of Control for disposition.  The credit to the
appropriation of such State Agency shall be made to
the appropriation for such State Agency from which
such property could be purchased.

"The State Board of Control shall make a
written report to the Comptroller after each sale.
The report shall include the following items:

"(1)  Name of the newspaper and the dates
of advertisement of notice of sale; or if posted,
the date and place of posting;

"(2)  Each article received;

"(3)  The price for which each article was
sold;

"(4)  The name and address of the person to
whom each article was sold.

"This report shall be signed by the State Board
of Control and a member of the State Agency having
control of the property before sale."

Article 666-1:

"Any property which has become unfit for use,
or no longer needed, when placed under the jurisdic-
tion of the State Board of Control by any State Agency,
including State Eleemosynary Institutions, Colleges,
Institutions of Higher Learning and the Texas Prison
System, may be transferred by the State Board of Con-
trol to any institution or State Agency in need of
same, and the proper debit and credit shall be made
on the basis that such property can be purchased in
the market at the time of the transfer, if a market
exists, and if not, at its actual or intrinsic value
as set by the State Board of Control.  The State
Comptroller shall, upon information furnished by the
State Board of Control, debit the appropriation of
the State Agency receiving such transferred property,
from which such property could have been purchased,
and credit the appropriation, from which such pro-
perty could have been purchased, to the State Agency

that transferred such property to the State Board
of Control; provided, however, that the provisions
of this section shall not apply to property acquired
from the Federal Government and transferred from
one Eleemosynary Institution to another and the
sale of supplies manufactured by the Texas Prison
System; and provided further, that any State Agency
may offer such property which has become unfit for
use or no longer needed as a trade-in on new pro-
perty of the same type when such exchange is for
the best interest of the State."

Through the provisions of Article 3174b, the Board for
Texas State Hospitals and Special Schools acquired the rights and
powers, insofar as the property of such Board was concerned,
which had formerly been vested in the State Board of Control.
Thus, it acquired the power to transfer excess supplies from one
institution to another when the proper bookkeeping procedures
were followed. Articles 640, 666-1, Vernon's Civil Statutes.

Article 666 grants to the Board of Control the auth-
ority to sell personal property when the same is unfit or not
needed, but specifically exempts the personal property under
the control of the State Eleemosynary Institutions. Therefore,
it is our further opinion that the Texas State Hospitals and
Special Schools did not acquire the right or power to sell unfit
or unneeded personal property through Article 3174b, Vernon's
Civil Statutes.

Therefore, we conclude that under Article 3174b the
Board for Texas State Hospitals and Special Schools acquired the
right to transfer surplus personal property or property not
needed by one institution to another institution, provided the
accounting debits and credits prescribed by Articles 640 and
666-1 were followed. It is our further conclusion that the
Board for Texas State Hospitals and Special Schools did not
acquire the right to sell unfit or unneeded personal property.

In 1957 the Legislature enacted the State Purchasing
Act of 1957, being Senate Bill 189, Acts 55th Legislature,R.S.1957,
Ch. 304, p. 739, and the Salvage and Surplus Act of 1957, being
Senate Bill 190, Acts 55th Legislature,R.S. 1957, Ch.414, p.1247.
In Senate Bill 189 the Legislature specifically repealed Article
640, and Senate Bill 190 specifically repealed Article 666-1,
Vernon's Civil Statutes. The question presented is whether the
powers granted the Board for Texas State Hospitals and Special
Schools by the provisions of Article 3174b, through reference to
the provisions of Articles 640 and 666-1 were affected or made
invalid by the repeal of Articles 640 and 666-1 by the Acts of
the 55th Legislature above mentioned.

It is our opinion that the effect of Article 3174b was to describe the powers granted to the Board for Texas State Hospitals and Special Schools by transferring to such Board the powers previously possessed by the State Board of Control under Articles 640 and 666-1, Vernon's Civil Statutes. Accordingly, the vitality of the powers of the Board for Texas State Hospitals and Special Schools depends only upon the effectiveness of Article 3174b, and the repeal of Articles 640 and 666-1 will not affect the powers granted by Article 3174b.

In 82 C.J.S. Statutes, § 301, page 517, the rule is stated as follows:

> "A statute which refers to and adopts the provisions of a prior statute is not repealed or affected by the subsequent repeal of the prior statute. In such case, the incorporated provisions, considered as a part of the second statute, continue in force, and are unaffected by the repeal. . . ."

It should be pointed out that the Salvage and Surplus Act of 1957, supra, specifically exempted only the State "eleemosynary institutions". This term was defined in Opinion WW-251, and does not include the Board for Texas State Hospitals and Special Schools per se. Therefore, the transfer of surplus property may be made from one institution to another, but not from the Board itself to an institution, or vice versa, since the property of the Board is covered by the Salvage and Surplus Act of 1957, and the powers of the Board are curtailed to that extent.

In summary and in answer to your first question, it is our opinion that the Board for Texas State Hospitals and Special Schools did not acquire the power to dispose of unwanted property, but the Board may transfer surplus property with the reimbursement and accounting transactions provided by Article 640 and Article 666-1, between eleemosynary institutions as that term is defined by Opinion WW-251. However, the Board for Texas State Hospitals and Special Schools would not be authorized to transfer surplus property to any other agency or department of the State Government since all other departments are covered by the terms of Senate Bill 190. It, being the latest enactment and the expression of the Legislature's intent, will control, and by its terms repeals all laws or parts of laws in conflict with its terms.

S U M M A R Y

The Board for Texas State Hospitals
and Special Schools may transfer
surplus property between those insti-
tutions under the provisions of Arti-
cle 3174b.  This power was not affect-
ed by the enaction of Senate Bills
189 and 190, Acts 55th Legislature, R.S.
1957.  The Board for Hospitals and
Special Schools does not have the
power to sell or dispose of worn-out
or unwanted property to the public.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
John H. Minton, Jr.
Assistant

JHM:jl:zt

APPROVED:

OPINION COMMITTEE
Beo. P. Blackburn, Chairman

Wallace Finfrock
L. P. Lollar
Arthur Sandlin
Richard Stone

REVIEWED FOR THE ATTORNEY GENERAL

BY:  James N. Ludlum